**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| Benjamin McKey, individually and as a representative of the Class,<br><br>Plaintiff,<br><br>v.<br><br>TenantReports.com, LLC,<br><br>Defendant. | Case No. 2:22-cv-01908-GJP<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Benjamin McKey ("Plaintiff" or "Mr. McKey") brings this Class Action Complaint against TenantReports.com, LLC, ("Defendant" or "TenantReports"), on behalf of himself and the Class set forth below:

**INTRODUCTION**

1. This is a class action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, against a consumer reporting agency that reports adverse information that is older than the seven years allowed by statute.

2. Defendant is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis. It sells consumer reports generated from its database and furnishes these consumer reports to landlords who use the reports to make rental decisions.

3. Defendant's report to Plaintiff's prospective landlord included numerous criminal charges that had been dismissed more than seven years previously. This reporting was in clear violation of the FCRA, which prohibits reporting adverse non-conviction information older than seven years.

4. Defendant's unlawful reporting could have been easily avoided had Defendant instituted basic electronic filters to remove outdated information from its reports. Such filters are standard in the industry. However, Defendant failed to do so.

5. Defendant committed these violations pursuant to its standard policies and procedures which harm consumers seeking housing by prejudicing their prospective landlords with outdated and non-reportable information.

6. Defendant's illegal reporting harmed Plaintiff's rental prospects, causing him concrete monetary harm. This reporting also invaded Plaintiff's privacy and damaged his reputation.

7. As a result of Defendant's conduct, Plaintiff brings claims for Defendant's reporting adverse information older than seven years in violation of 15 U.S.C. § 1681c(a).

8. Because Defendant's violations arose from its standard policies, practices, and procedures, Plaintiff brings his claim on behalf of a proposed Class.

9. This class action seeks statutory and punitive damages, costs, and attorneys' fees for Plaintiff and the Class against Defendant for its willful violations of the FCRA, by improperly including outdated adverse information on the reports it issued regarding Plaintiff and members of the Class.

## THE PARTIES

10. Plaintiff Benjamin McKey ("Plaintiff" or "Mr. McKey") is a natural person who lives in Burlington, New Jersey, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

11. Defendant TenantReports.com, LLC is a Pennsylvania corporation doing business throughout the United States, including in Pennsylvania, and has a principal place of business in Secane, Pennsylvania.

12. Among other things, Defendant sells background checks to landlords for their use in deciding whether to offer rental opportunities to prospective tenants. These reports are provided in connection with a business transaction initiated by the consumer.

13. Defendant is a consumer reporting agency as defined at 15 U.S.C. § 1681a(f) because for monetary fees, it regularly engages in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports to third parties.

## JURISDICTION AND VENUE

14. Plaintiff initially filed this case in the Philadelphia County Court of Common Pleas. Defendant removed the complaint asserting jurisdiction under 28 U.S.C. § 1331. (ECF No. 1.)

15. The Court has personal jurisdiction over Defendant. Defendant has its principal office in this District and conducts business in this District.

16. Venue is appropriate pursuant to 28 U.S.C. § 1441(a).

## BACKGROUND

17. The FCRA was enacted based on Congress's findings that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and that there is a "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681. Thus, the FCRA requires consumer reporting agencies to operate "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." *Id.*

18. To ensure that consumer reporting agencies report information in a manner which is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information," the FCRA prohibits consumer reporting agencies from reporting old information. Specifically, agencies are forbidden from reporting "[A]ny [] adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years." 15 U.S.C. § 1681c(a).

19. Defendant systematically and purposefully disregards its "grave responsibilities" by routinely reporting outdated adverse information on consumers in violation of the FCRA.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF

20. In or around November 2021, Plaintiff applied for rental housing located in Bienvenue Condominiums in Burlington, New Jersey. Specifically, Plaintiff applied to a company that owns a number of units in the Bienvenue Condominiums complex. In completing his application, Plaintiff worked with the landlord's employee, non-party David Kovacs.

21. In connection with that application, Mr. Kovacs directed Plaintiff to purchase a consumer report about himself from Defendant on or around November 25, 2021. Mr. Kovacs indicated that Plaintiff was required to purchase a report about himself from TenantReports.com in order for his application to be considered.

22. Plaintiff did so, spending roughly $45 out-of-pocket to purchase a consumer report about himself from Defendant, and then sent that report to Mr. Kovacs on November 30, 2021. Plaintiff was never reimbursed for the cost of the report.

23. The report Defendant provided included seven felony counts from Burlington County, New Jersey which had been dismissed on the prosecution's motion on May 25, 2007.

24. Defendant's report also included three charges from 2007 which had been dismissed pursuant to a plea bargain agreement on a different charge.

25. All ten of the entries referenced above were non-convictions which predated the report by more than seven years.

26. Plaintiff's rental application was not successful due to Defendant's reporting.

27. As a result of Defendant's conduct, Plaintiff has suffered concrete financial harm arising from loss and delay of rental opportunities, out-of-pocket expenses and time lost attempting to dispute Defendant's reporting, harm to reputation, and invasion of privacy.

28. Plaintiff, for the money he provided to Defendant, expected and was entitled to receive a report which complied with the FCRA, and did not include irrelevant, dismissed and outdated derogatory information. The inclusion of this information therefore harmed Plaintiff.

## Defendant's Report Was a Consumer Report

29. The report that Defendant issued regarding Plaintiff makes clear on its face that it is subject to the FCRA, stating "[t]his report is furnished to you pursuant to the Agreement for Service between the parties and in compliance with the Fair Credit Reporting Act."

30. Defendant knows that landlords often direct potential tenants to use its service to obtain consumer reports for them. In fact, Defendant encourages them to do so. Promotional materials posted on Defendant's website include the following graphic, which includes "Have the Tenant order directly" as one of the "5 Ways to Order" consumer reports:[1]

---

[1] https://tenantreports.com/wp-content/uploads/2018/01/brochure-tenant-screening-17.pdf at 7, last accessed 7/11/2022.



31.     The FCRA does not exclude reports ordered by the consumer from the statute, defining "consumer report" as:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for [a permissible purpose].

15 U.S.C. § 1681a(d).

32.     The report issued by Defendant about Plaintiff is a consumer report because it was (1) written communication, (2) bearing on Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which (3) was both used and expected to be used for the purpose of serving as a factor in establishing Plaintiff's eligibility for rental housing.

6

## DEFENDANT'S ILLEGAL PRACTICES

### Defendant's Reporting of Outdated Adverse Information

33. When a consumer reporting agency furnishes a consumer report, the agency is required to exclude adverse items of information which antedate the consumer report by more than seven years. 15 U.S.C. § 1681c(a)(5).

34. Defendant's practice of including non-convictions older than seven years on reports violates a fundamental protection afforded to consumers under the FCRA, is contrary to the unambiguous language of the statute, and is counter to longstanding judicial and regulatory guidance. *See, e.g.*, FTC, *Forty Years of Experience with the Fair Credit Reporting Act, An FTC Staff Report with Summary of Interpretations*, July 2011, at 55 ("Even if no specific adverse item is reported, a CRA may not furnish a consumer report referencing the existence of adverse information that predates the times set forth in this subsection."); *Serrano v. Sterling Testing Systems, Inc.*, 557 F. Supp. 2d 688 (E.D. Pa. 2008) (holding FCRA prohibits even *alluding* to existence of unreportable adverse information).

35. Defendant's consumer reports are produced in an automated fashion from electronic databases.

36. As part of the process of assembling consumer reports, Defendant's databases utilize a variety of algorithms that, for example, seek to match the information reported to the consumer who is the subject of the report.

37. It is standard practice for consumer reporting agencies to write algorithms to filter out obsolete credit and criminal information.

38. Defendant, consistent with standard industry practices, could have easily written an algorithm to ensure that all of its reports would exclude non-convictions older than seven years.

39. It is standard in the consumer reporting industry for consumer reporting agencies to have a purge date for information in their system that has become outdated. *See Gillespie v. Trans Union Corp.*, 482 F.3d 907, 908 (7th Cir. 2007). Yet, Defendant failed to implement a purge date in its systems.

40. In addition to failing to implement automated procedures to avoid statutory violations, Defendant also failed to have the report properly reviewed by an individual who was trained in the FCRA, and specifically, in the requirements of 15 U.S.C. § 1681c. Had Defendant had a properly trained individual review this report, these problems would have been easily detected, as they are apparent from the face of the report.

41. By failing to utilize appropriate algorithms, purge dates, or manual review, Defendant's practices and procedures for excluding adverse information older than seven years fell far below industry standards and constitute knowing and reckless disregard for Defendant's statutory obligations.

42. Congress has made a policy determination that adverse information older than seven years should not be provided by consumer reporting agencies. 15 U.S.C. § 1681c(a). By failing to provide consumers with the "fresh start" mandated by Congress, Defendant did concrete harm.

43. By reporting outdated adverse information which Congress has deemed unreportable, Defendant also invaded consumers' privacy. This invasion of privacy was a concrete harm. In passing 15 U.S.C. § 1681c, Congress recognized a privacy right that is attached to old information, even information that exists in public records. The connection between forbidding the reporting of old information and protecting consumers' privacy rights is well-established. *See King v. General Information Services Inc.*, No. 2:10-cv-06850, ECF No. 52 at 14 (E.D. Pa.) (Brief

of the United States, arguing that "Section 1681c's restrictions on disclosing older adverse information serve the governmental interest in protecting individuals' privacy.").

## CLASS ACTION ALLEGATIONS

44. Plaintiff brings his Claim for Relief on behalf of himself individually, and, pursuant to Fed. R. Civ. P. 23, on behalf of the Class, defined as follows:

> All natural persons who: (1) were the subject of a consumer report furnished by Defendant between April 8, 2020 and the date on which the Court certifies the Class; (2) where such report contained at least one record of a criminal non-conviction which predated the date the report was issued by seven years or more.

45. The Class satisfies the requirements of Fed. R. Civ. P. 23(b)(3).

46. <u>Numerosity</u>: The Class is so numerous that joinder of the claims of all class members is impractical. Membership in the Class can be ascertained though Defendant's records, and where needed, public records.

47. <u>Existence and Predominance of Common Questions of Law and Fact</u>: Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether Defendant reports adverse non-conviction information older than seven years; (b) whether this conduct violated the FCRA; and (c) whether the violations were willful, reckless, knowing, or intentionally committed in conscious disregard of the Plaintiff's and class members' rights.

48. <u>Typicality</u>: Plaintiff's claims are typical of the claims of each class member and all claims are based on the same facts and legal theories. Plaintiff, as every class member, alleges violations of the same FCRA provision: 15 U.S.C. § 1681c(a). The claims challenge Defendant's consumer reporting procedures and do not depend on any individualized facts. Plaintiff seeks

9

statutory and punitive damages, which are appropriate in circumstances like this one where injuries are particularized and concrete, but difficult to quantify.

49.     <u>Adequacy</u>: Plaintiff will fairly and adequately protect the class members' interests. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions.  Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of his responsibilities to the class members and has accepted such responsibilities.

50.     Certification of the Class under Fed. R. Civ. P. 23(b)(3) is also appropriate in that:

a.      As alleged above, the questions of law or fact common to the class members predominate over any questions affecting an individual member.  Each of the common facts and legal questions in the case overwhelm the more modest individual issues.  The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct.

b.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy.  Consumer claims generally are ideal for class treatment as they involve many consumers who are unable to afford and bring such claims individually.  Further, most consumers affected by Defendant's conduct are likely unaware of their rights under the law. Individual litigation of the uniform issues in this case would be a waste of judicial resources.  The issues at the core of this case are class-wide and should be resolved at one time.

## CLAIM FOR RELIEF
## 15 U.S.C. § 1681c(a)
## Reporting Adverse Outdated Information
## (On behalf of Plaintiff individually and on behalf of the Class)

51. Plaintiff re-alleges and incorporates the allegations set forth above as if fully stated herein.

52. Defendant violated 15 U.S.C. § 1681c(a) by reporting adverse non-conviction information older than seven years on its consumer reports.

53. The foregoing violations were negligent and/or willful. Defendant acted in knowing or reckless disregard of its obligations and the rights of Plaintiff and the members of the Class, under 15 U.S.C. § 1681c(a).

54. Defendant's violation was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

55. Defendant's conduct was willful because it was carried out in knowing or reckless disregard for consumers' rights under the FCRA. Defendant's conduct was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that other consumer reporting agencies have been subject to court decisions and consumer complaints critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer than engaging in the due diligence that would result in producing reports which comply with the FCRA.

56. As a result of Defendant's conduct, Plaintiff and the members of the Class suffered harm and injury including but not limited to denial of rental opportunities, invasion of privacy and damage to reputation.

57. Plaintiff and the members of the Class are entitled to recover statutory damages, punitive damages, costs, and attorneys' fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for relief as follows:

a) Determining that this action may proceed as a class action under Fed. R. Civ. P. 23(b)(3);

b) Designating Plaintiff as the representative for the Class;

c) Designating Plaintiff's Counsel as counsel for the Class;

d) Issuing notice to the Class at Defendant's expense;

e) Declaring that Defendant committed multiple, separate violations of the FCRA;

f) Declaring that Defendant acted willfully and in deliberate or reckless disregard of the rights of Plaintiff and the Class under the FCRA;

g) Awarding actual and statutory damages as provided by the FCRA;

h) Awarding punitive damages as provided by the FCRA;

i) Awarding reasonable attorneys' fees and costs and expenses, as provided by the FCRA; and

j) Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

58. Plaintiff, on behalf of himself and the Class, demands a trial by jury on all issues triable by a jury.

Dated: July 27, 2022                    /s/Joseph C. Hashmall
                                        E. Michelle Drake*
                                        Joseph C. Hashmall*
                                        BERGER MONTAGUE PC

...

1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
T. 612.594.5999
F. 612.584.4470
emdrake@bm.net
jhashmall@bm.net
*pro hac vice*

Shanon J. Carson, Bar No. 85957
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
T. 215-875-4656
F. 215-875-4604
scarson@bm.net

*Counsel for Plaintiff*