IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BENJAMIN MCKEY, individually and as a representative of the Class,<br><br>*Plaintiff,*<br><br>v.<br><br>TENANTREPORTS.COM, LLC<br><br>*Defendant.* | CIVIL ACTION<br><br>NO. 22-1908 |

## ORDER

**AND NOW**, this 27th day of February 2024, after presiding over this case for nearly two years, preliminarily approving the Settlement Agreement and certifying the Settlement Class (ECF No. 34), reviewing class counsel's Motion for Attorneys' Fees, Costs and Named Plaintiff's Service Award (ECF No. 35), class counsel's Motion for Final Approval of the Class Action Settlement (ECF No. 40), all declarations and materials in support of the motions, the absence of any opt-outs or objections, the legal standards governing such approvals, and conducting a hearing (ECF No. 41), the Motions (ECF Nos. 35 & 40) are **GRANTED** and the following is hereby **ORDERED** and **APPROVED**:

1.   Certification for settlement purposes of the Settlement Class, as defined by the parties' Settlement Agreement, (ECF No. 33–3), is appropriate pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).  Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order.  Such notice has been given

in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances, including the dissemination of individual notice to all members who can be identified through reasonable effort; and satisfies Rule 23 (e) and due process.

2. Tenantreports.com, LLC ("TRC")[1] has timely filed notification of this settlement with the appropriate officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials and finds that TRC's notification complies fully with the applicable requirements of CAFA.

3. The parties reached the Settlement Agreement as a result of arm's-length negotiations conducted in good faith by counsel for the parties and is supported by the parties.

4. The settlement, as set forth in the Settlement Agreement is fair, reasonable, and adequate to the members of the Settlement Class in light of the complexity, expense and duration of litigation and the risks involved in establishing liability, damages and in maintaining the class action through trial and appeal. In connection with its approval, the Court has considered the factors enumerated in Rule 23(e)(2), those listed in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), and other standards governing such approval, and finds they counsel in favor of approval.

5. The relief provided under the settlement constitutes fair value given in exchange for the release of claims.

6. The parties and each Settlement Class Member have irrevocably submitted to the jurisdiction of this Court for any suit, action, proceeding, or dispute

---

[1] "TRC" collectively refers to Tenantreports.com, LLC and Xactus, LLC in its capacity as successor in interest to certain assets of Tenantreports.com, LLC.

arising out of the Settlement Agreement.

7. It is in the best interests of the parties and the Settlement Class Members, and consistent with principles of judicial economy, that any dispute between any Settlement Class Member (including any dispute as to whether any person is a Settlement Class Member) and any released party which, in any way, relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order, should be presented exclusively to this Court for resolution.

8. The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement shall therefore be deemed incorporated herein and the proposed settlement is finally approved. The Settlement Agreement shall be consummated in accordance with the terms and provisions thereof, except as amended or clarified by any subsequent order issued by this Court.

9. This action is hereby dismissed on the merits, in its entirety, with prejudice and without costs.

10. As agreed by the parties in the Settlement Agreement, upon the effective date, the released parties shall be released and discharged in accordance with the Settlement Agreement. The Named Plaintiff also releases the released parties in accordance with the Settlement Agreement.

11. Upon the effective date, each Settlement Class Member is enjoined and permanently barred from instituting, maintaining, or prosecuting, either directly or indirectly, any lawsuit that asserts Settlement Class released claims.

12. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over TRC and each member of the Settlement Class for any suit, action, proceeding or dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Settlement Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order.  Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Settlement Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

13. Upon consideration of class counsel's application for fees and costs and other expenses, the Court awards $292,600 as reasonable attorneys' fees and $19,954 as reimbursement for reasonable out-of-pocket expenses, which shall be paid from the settlement fund.[2]

---

[2] Class counsel's request for 33% of the settlement fund is within the range deemed appropriate in this Circuit.  *See Flores v. Express Services, Inc.,* No. 14-3298, 2017 WL 1177098 (E.D. Pa. March 30, 2017); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768 (3d Cir. 1995); *Galt v. Eagleville Hosp.*, 310 F. Supp. 3d 483 (E.D. Pa. 2018).  A lodestar cross-check of the

14. Upon consideration of the documentation submitted by the Settlement Administrator, the Court awards the Settlement Administrator reimbursement for the reasonable expenses of notice administration. Defendant already advanced the Settlement Administrator $25,000 from the settlement fund. The remainder of the approved amount shall also be paid from the settlement fund.

15. And upon consideration of the application for an individual settlement and service award, the Named Plaintiff, Benjamin McKey, is awarded the sum of $7,500, to be paid from the settlement fund, for the service he has performed for and on behalf of the Settlement Class.[3]

16. Neither this Final Judgment and Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against TRC or any of the released parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Settlement Released Claims. This Final Judgment and Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by TRC or any of the released parties. The final approval of the

---

percentage award confirms the fees' reasonableness; class counsel provided a blended billing rate for attorneys working on the case, which results in a lodestar multiplier of 1.7, falling well within the range of reasonableness recognized by courts. *See In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 282, 341 (3d Cir. 1998). Counsel have obtained a substantial recovery, both monetary and non-monetary for the Class Members, none of whom object to counsel's motion. And counsel, who have extensive experience litigating FCRA class actions, *see* (ECF Nos. 33–2, 33–5), represented the class zealously and professionally through complex litigation with very real litigation risks. And the litigation costs, which include the cost of mediation, and the costs for the Settlement Administrator were reasonably incurred and appropriate.

[3] The requested service award of $7,500 is appropriate, particularly given the role Named Plaintiff, Benjamin McKey, played in the case by responding to discovery requests, sitting for a deposition and working closely with counsel throughout the litigation. *See* (Mem. in Supp. of Mot. for Attys' Fees, Costs & Serv. Award, pp. 17–18, ECF No. 35–1); *see also Chakejian v. Equifax Info. Servs., LLC*, 275 F.R.D. 201, 220 (E.D. Pa. 2011) (approving awards of $15,000 in a FCRA case); *In re Am. Inv. Ins. Co. Annuity Mktg. & Sales Prac. Litig.*, 263 F.R.D. 226, 245 (E.D. Pa. 2009) (approving awards of $5,000–$10,500).

Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members or TRC.

17.    The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.